**IN THE UNITED STATES DISTRICT COURT FOR THE**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| PRAKASHKUMAR PATEL,<br><br>Plaintiff,<br><br>v.<br><br>MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security; JOSEPH EDLOW, Director, U.S. Citizenship & Immigration Services,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 26 C 4682<br><br>Judge Joan H. Lefkow |

## ORDER

Markwayne Mullin, Secretary of Homeland Security, and Joseph Edlow, Director of United States Citizenship and Immigration Services (USCIS) move to dismiss (dkt. 10) Prakashkumar Patel's petition for declaratory judgment (dkt. 1), which asks this court to hold unlawful and set aside USCIS's decision to deny Patel's adjustment-of-status application (I-485) as an abuse of discretion, due process, and/or otherwise not in accordance with the law. For the reasons stated below, defendants' motion is granted. Patel's petition is dismissed for lack of jurisdiction. Case terminated. See statement.

## STATEMENT

Patel brings this action under the Administrative Procedure Act (APA), 5 U.S.C. § 555(b) and 701, and the Immigration and Nationality Act (INA), 8 U.S.C. § 1255, asserting that this court has jurisdiction to hold unlawful and set aside defendants' decision to deny Patel's adjustment-of-status application (I-485). Defendants argue that the petition for declaratory judgment should be dismissed under Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction, because 8 U.S.C. § 1252(a)(2)(B)(ii) precludes a court's review of decisions or actions of the Secretary of Homeland Security that are statutorily designated as discretionary, and 8 U.S.C. § 1252(a)(2)(B)(i) prohibits review of any judgment granting relief under 8 U.S.C. § 1255, the statute governing Patel's adjustment-of-status application.

Patel has held U-1 Nonimmigrant status (U-visa) since April 2021.[1] As part of the U-visa petition process, he submitted evidence regarding his 2010 arrest for disorderly conduct and

---

[1] The following facts are drawn from Patel's Petition for Declaratory Judgment and Other Relief (dkt. 1) and are accepted as true for the purposes of this Order. *Ctr. for Dermatology & Skin Cancer, Ltd.* v. *Burwell*,

assault, to which he pleaded guilty to disorderly conduct, and a 2019 arrest for battery that was dismissed. His petition was approved on April 19, 2021. In May 2024, he submitted his I-485 for adjustment of status. On October 22, 2025, USCIS issued a request for evidence seeking additional documents from Patel including arrest records, charging documents and certified dispositions for all of Patel's arrests. Patel filed his response to the request on January 23, 2026, and provided certified dispositions and the arrest report for the 2010 arrest, the only arrest that led to a conviction. On March 9, 2026, USCIS denied Patel's application for adjustment of status, stating he "[had] not provided sufficient evidence to establish that [his] adjustment of status is warranted on humanitarian grounds, to ensure family unity, or is otherwise in the public interest." (Dkt. 1-1 at 8.) Patel now appeals to this court for review, claiming the decision by USCIS is an abuse of discretion, barred by res judicata, and a violation of his due process rights.

A non-citizen may be eligible for a U-visa if they have been the victim of a crime and assisted law enforcement in the investigation of that crime. *See* 8 U.S.C. § 1101(a)(15)(U). Once a non-citizen obtains a U-visa and spends three continuous years in the United States, they may apply to adjust their status to that of lawful permanent resident. *See* 8 U.S.C. § 1255(m)(1)(A). Under § 1255(m), "[t]he Secretary of Homeland Security may adjust the status of an alien admitted into the United States" under a U-visa to that of LPR, unless the Secretary determines that the applicant engaged in certain acts of genocide or torture, or if they unreasonably refused to aid in a criminal investigation. 8 U.S.C. § 1255(m)(1). The Secretary must also determine that "in the opinion of the Secretary of Homeland Security, the alien's continued presence in the United States is justified on humanitarian grounds, to ensure family unity, or is otherwise in the public interest." § 1255(m)(1)(B).

United States district courts do not have jurisdiction to review denial of adjustment-of-status applications made under § 1255. Rather, 8 U.S.C. § 1252(a)(2)(B) provides that: "no court shall have jurisdiction to review …(i) any judgment regarding the granting of relief under … [§] 1255 of this title." The Seventh Circuit has endorsed this plain-language reading, holding "§ 1252(a)(2)(B)(i) operates to eliminate judicial review of the denial of an adjustment-of-status application by USCIS." *Britkovyy* v. *Mayorkas*, 60 F.4th 1024, 1028 (7th Cir. 2023).

Moreover, 8 U.S.C. § 1252(a)(2)(B)(ii) supplies a separate basis on which this court lacks jurisdiction to review the denial of Patel's adjustment-of-status application. Subparagraph (B)(ii) provides that "no court shall have jurisdiction to review … (ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in [their] discretion[.]" Section 1252(a)(2)(B)(ii) thus is "a jurisdiction-stripping provision." *Bouarfa* v. *Mayorkas*, 604 U.S. 6, 10 (2024). Subparagraph (B)(ii) covers subchapters 8 U.S.C. §§ 1151–1381. *See Kucana* v. *Holder*, 558 U.S. 233, 239 n.3 (2010). Adjustment of status from U-visa to LPR is authorized by 8 U.S.C. § 1255(m)(1), which falls within the range of subchapters covered by the jurisdiction-stripping provision.

The decision whether to adjust status is an explicitly discretionary one. "The Secretary of Homeland Security *may* adjust the status of an alien admitted into the United States … under [a

---

770 F.3d 586, 588 (7th Cir. 2014) ("In the context of a motion to dismiss for lack of subject matter jurisdiction, we accept as true the well pleaded factual allegations, drawing all reasonable inferences in favor of the plaintiff…")

U-visa] to that of an [LPR.]" 8 U.S.C. § 1255(m)(1) (emphasis added). The Supreme Court "has repeatedly observed that the word 'may' *clearly* connotes discretion." *Biden* v. *Texas*, 597 U.S. 785, 802 (2022) (citations and quotations omitted) (emphasis in original). Additionally, subsection (m)(1)(B) requires that, "in the opinion of the Secretary of Homeland Security, the alien's continued presence in the United States is justified on humanitarian grounds, to ensure family unity, or is otherwise in the public interest." 8 U.S.C. § 1255(m)(1)(B). Thus, this court does not have jurisdiction to review USCIS's denial of Patel's application under either 8 U.S.C. § 1252(a)(2)(B)(i) or (ii).

Patel puts forward several theories for why this court has jurisdiction. First, he argues there is a presumption under the APA that Congress intends for judicial review of administrative action, absent clear and convincing evidence to the contrary. However, the jurisdiction-stripping provisions in 8 U.S.C. § 1252(a)(2)(B) do just that by clearly and plainly restricting judicial review. *Britkovyy*, 60 F.4th at 1027 (noting "Congress has sharply limited judicial review in the immigration context" and finding 8 U.S.C. § 1252(a)(2)(B)(i) prevents litigants from using the APA to challenge denial of adjustment-of-status applications); *see also Dijamco v. Wolf*, 962 F.3d 999, 1003 (7th Cir. 2020) ("[T]he APA cannot be used to sidestep the highly specific limitations on judicial review enacted in the INA"). The APA therefore does not provide this court with jurisdiction to review the denial of Patel's adjustment-of-status application.

Patel also argues this court has jurisdiction to review the denial because "the application is not decided on discretion, but rather, whether it is the 'opinion of the Attorney General.'[.]"[2] (Dkt. 14 at 3.) This argument fails on several fronts.

First, § 1255(m)(1) is discretionary on a separate, independent basis: the use of "may," as discussed above. 8 U.S.C. § 1255(m)(1) ("[t]he Secretary of Homeland Security *may* adjust the status of an alien admitted into the United States … under [a U-visa] to that of an [LPR.]" (emphasis added)). Therefore, it is immaterial whether the use of "opinion" in subparagraph (m)(1)(B) connotes discretion when the statute is otherwise discretionary.

Second, Patel's stretches the word "opinion" beyond its natural meaning to argue a determination in the Secretary's is not discretionary. "'Discretion' refers to 'individual judgment' and 'the power of free decision-making.'" *Nobles* v. *Mullin*, 177 F.4th 886, 893 (7th Cir. 2026) (quoting *Discretion*, Black's Law Dictionary (8th ed. 2004)). A determination that is "in the opinion of the Secretary of Homeland Security" is inherently discretionary. 8 U.S.C. § 1255(m)(1)(B).

Finally, § 1252(a)(2)(B)(i) removes jurisdiction to review "any judgment regarding the granting of relief under … [§] 1255." Therefore, the question of whether an "opinion" is discretionary is irrelevant because this court lacks jurisdiction under § 1252(a)(2)(B)(i) in addition to subparagraph (ii).

---

[2] Patel cites 8 U.S.C. § 1101(a)(15)(U)(1)(B) for this proposition; however, 8 U.S.C. § 1101does not contain the quoted language. The court assumes Patel intended to cite 8 U.S.C. § 1255(m)(1)(B), which provides the requirement for adjustment of status to be "in the opinion of the Secretary of Homeland Security, the alien's continued presence in the United States is justified on humanitarian grounds, to ensure family unity, or is otherwise in the public interest." Regardless, even using the language quoted by Patel, the argument fails for the same reasons.

Patel also takes issue with USCIS's denial of his adjustment-of-status application because it "provided no analysis in its decision for whether Plaintiff's presence in the U.S. is in the public interest" and had already determined that Patel's admission was in the public interest when it granted his U-visa, thereby raising res judicata concerns. (Dkt. 14 at 3.) This court lacks jurisdiction to review not only final determinations, but also the decision-making process. *Nobles*, 177 F.4th at 895 ("USCIS's methods of adjudicating [a] petition 'are just as unreviewable as the Secretary's ultimate decisions themselves[.]'" (quoting *Gebhardt* v. *Nielsen*, 879 F.3d 980, 987 (9th Cir. 2018)). Without jurisdiction, this court is unable to reach any questions regarding the merits of USCIS's decision, including whether it is barred by res judicata.

Finally, Patel argues the denial of his adjustment-of-status application was erroneous in the application of law to facts and violated his due process rights, thereby raising questions of law and constitutional claims. Judicial review of constitutional claims or questions of law is available in the Courts of Appeals, even if subparagraph (B) applies. Subparagraph (D) provides:

> Nothing in subparagraph (B) or (C), or in any other provision of this chapter (other than this section) which limits or eliminates judicial review, shall be construed as precluding review of constitutional claims or questions of law raised upon a petition for review filed with *an appropriate court of appeals* in accordance with this section.

8 U.S.C. § 1252(a)(2)(D) (emphasis added).

As provided by its plain language, subparagraph (D) "preserves judicial review of legal and constitutional claims, but *only* in a petition for review of a final removal order filed in the court of appeals." *Nobles*, 177 F.4th at 897 (emphasis in original). Subparagraph (D) does not grant jurisdiction to the district courts. Accordingly, Patel's reliance on *Wilkinson* v. *Garland* is inapposite because there the petitioner had petitioned the Third Circuit Court of Appeals, not a district court. 601 U.S. 209 (2024). Therefore, this court lacks jurisdiction to review any questions of law or constitutional claims raised by Patel.

As such, Patel's petition is dismissed for lack of jurisdiction.

Date: November 24, 2026

Joan H. Lefkow

U.S. District Judge Joan H. Lefkow